**OUTTEN & GOLDEN LLP**
Molly A. Brooks
Michael C. Danna
Julio Sharp-Wasserman
685 Third Ave., 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOE FRATTAROLA and LUCIANO CARBONE, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**-against-**<br><br>**PROSEGUR SECURITY USA INC.,**<br><br>**Defendant.** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Joe Frattarola and Luciano Carbone (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      Prosegur Security USA, Inc. ("Prosegur" or "Defendant") is a privately-owned company that provides security services nationwide to a variety of industries, including the healthcare, construction, retail, and transportation industries.  Plaintiffs and the class members they represent are security officers employed by Prosegur.

2.      This lawsuit seeks to recover minimum wages, overtime compensation, liquidated damages, and statutory penalties for Plaintiffs and their similarly situated co-workers who work or have worked at Prosegur in New York.

3.      Plaintiffs bring this action on behalf of themselves and security officers in New

York who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Prosegur, which have deprived Plaintiffs and the class of their lawfully earned wages (the "Collective").

4.      Plaintiffs also bring this action on behalf of themselves and security officers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, supporting New York State Department of Labor Regulations, and 29 C.F.R. § 778.106, which have deprived Plaintiffs of lawfully earned wages, timely pay, and contractual pay for vacation and sick days (the "New York Class").

## THE PARTIES

### Plaintiffs

#### Joe Frattarola

5.      Joe Frattarola ("Frattarola") is an adult individual who is a resident of West Harrison, New York.

6.      Frattarola has been employed by Prosegur as a security officer at the Westchester Medical Center in Valhalla, New York, from November 2017 to the present.

7.      Frattarola is a covered employee within the meaning of the FLSA and the NYLL.

8.      Frattarola's written Consent to Join form, pursuant to the FLSA, 29 U.S.C. § 216(b), is attached hereto as **Exhibit A**.

#### Luciano Carbone

9.      Luciano Carbone ("Carbone") is an adult individual who is a resident of Mamaroneck, New York.

10.     Carbone was employed by Prosegur as a security officer at the Westchester Medical Center in Valhalla, New York, from in or around September 2018 to July 2022.

11.     Carbone is a covered employee within the meaning of the FLSA and the NYLL.

12.     Carbone's written Consent to Join form, pursuant to the FLSA, 29 U.S.C. § 216(b), is attached hereto as **Exhibit B**.

**Defendant**

13.     Prosegur employed Plaintiffs, members of the Collective, and members of the New York Class, at all relevant times.

14.     During all relevant times, Prosegur has been Plaintiffs, Collective members, and New York Class members' employer within the meaning of the FLSA and the NYLL.

15.     Prosegur maintains offices at 80 State Street, Albany, NY 12207, and 512 Herndon Parkway, Herndon, VA 20170.

16.     Prosegur is a foreign corporation existing under the laws of the state of Delaware, headquartered in Virginia, and doing business in the state of New York.

17.     At all relevant times, Prosegur maintained control, oversight, and direction over Plaintiffs, Collective members, and New York Class members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

18.     Prosegur applied the same employment policies, practices, and procedures to all security officers assigned to various locations, including policies, practices, and procedures with respect to payment of minimum wage and overtime compensation, the provision of wage notices and wage statements, and the frequency of pay.

19.     Upon information and belief, at all relevant times, Prosegur had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

21.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy between at least one named Plaintiff and Prosegur exceeds the sum or value of $75,000.00.

22.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against Prosegur in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

23.     The members of each of the proposed classes are citizens of states different from that of Prosegur.

24.     There are at least 100 members in each of the proposed classes.

25.     Prosegur is subject to personal jurisdiction in New York.

26.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiffs bring the First and Second Causes of Action, the FLSA claims for unpaid minimum and overtime wages, respectively, on behalf of themselves and all similarly situated current and former security officers who were employed by Prosegur for a period of

three years prior to the filing of the original Complaint and the date of final judgment in this matter, and who elect to opt-in to this action (the "Collective Members").

30.     At all relevant times, the Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject Prosegur's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiffs and the Collective Members at the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of 40 hours per workweek.  Prosegur also required Plaintiffs and the Collective Members to work off-the-clock and without compensation in violation of the FLSA.  Plaintiffs' claims stated herein are essentially the same as those of the other Collective Members.

31.     Prosegur's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record the hours that employees work.

32.     Prosegur is aware or should have been aware that federal law requires it to pay employees minimum wage for all the hours they work.

33.     Prosegur is aware or should have been aware that federal law requires it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

34.     Prosegur's unlawful conduct has been widespread, repeated, and consistent.

35.     The First and Second Causes of Action are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

36.     The Collective Members are readily ascertainable.

37.     For the purpose of notice and other purposes related to this action, the Collective

Members' names and addresses are readily available from Prosegur's records.

**NEW YORK CLASS ACTION ALLEGATIONS**

38.     Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of

Action, NYLL and FLSA claims under Rule 23, on behalf of themselves and all similarly

situated current and former security officers whom Prosegur failed to pay minimum and

overtime wages, failed to provide accurate wages statements, and paid untimely ("New York

Class").

39.     Excluded from New York Class Members are Prosegur Management, Prosegur's

legal representatives, officers, directors, assigns, and successors, or any individual who has, or

who at any time during the class period has had, a controlling interest in Prosegur; the Judge(s) to

whom this case is assigned and any member of the Judges' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the New York Class.

40.     The members of the New York Class ("New York Class Members") are readily

ascertainable.  The number and identity of the New York Class Members are determinable from

Prosegur's records.  The hours assigned and worked, the positions held, and the rates of pay for

each New York Class Member are also determinable from Prosegur's records.  For the purpose

of notice and other purposes related to this action, their names and addresses are readily available

from Prosegur's records.  Notice can be provided by means permissible under Rule 23.

41.     The New York Class Members are so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

42.     There are more than 100 New York Class Members.

43.     Plaintiffs' claims are typical of those claims which could be alleged by any New

York Class Member, and the relief sought is typical of the relief which would be sought by each

New York Class Member in separate actions.

44.     All the New York Class Members were subject to the same corporate practices of Prosegur, as alleged herein, of failing to pay minimum wages, failing to pay overtime, failing to pay for off-the-clock work, failing to provide proper wage statements, failing to pay weekly, and failing to pay for vacation and sick time promised by contract.

45.     Plaintiffs and the New York Class Members have all sustained similar types of damages as a result of Prosegur's failure to comply with the NYLL.

46.     Plaintiffs and the New York Class Members have all been injured in that they have been uncompensated or under-compensated due to Prosegur's common policies, practices, and patterns of conduct.  Prosegur's corporate-wide policies and practices affected all New York Class Members similarly, and Prosegur benefited from the same type of unfair and/or wrongful acts as to each of the New York Class Members.

47.     Plaintiffs and other New York Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

48.     Plaintiffs are able to fairly and adequately protect the interests of the New York Class Members and have no interests antagonistic to the New York Class Members.

49.     Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

50.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions

engender.  Because the losses, injuries, and damages suffered by each of the individual New

York Class Members are small in the sense pertinent to a class action analysis, the expenses and

burden of individual litigation would make it extremely difficult or impossible for the individual

New York Class Members to redress the wrongs done to them.  On the other hand, important

public interests will be served by addressing the matter as a class action.  The adjudication of

individual litigation claims would result in a great expenditure of Court and public resources;

however, treating the claims as a class action would result in a significant saving of these costs.

The prosecution of separate actions by individual New York Class Members would create a risk

of inconsistent and/or varying adjudications with respect to the individual New York Class

Members, establishing incompatible standards of conduct for Prosegur and resulting in the

impairment of the New York Class Members' rights and the disposition of their interests through

actions to which they were not parties.  The issues in this action can be decided by means of

common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to,

fashion methods to efficiently manage this action as a class action.

51.     Upon information and belief, Prosegur and other employers throughout the state

violate the NYLL.  Current employees are often afraid to assert their rights out of fear of direct

or indirect retaliation.  Former employees are fearful of bringing claims because doing so can

harm their employment, future employment, and future efforts to secure employment.  Class

actions provide class members who are not named in the complaint a degree of anonymity,

which allows for the vindication of their rights while eliminating or reducing these risks.

52.     This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

53.     Common questions of law and fact exist as to the New York Class that

predominate over any questions only affecting Plaintiffs and the New York Class Members

individually and include, but are not limited to, the following:

(a)     whether Prosegur violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b)     whether Prosegur paid Plaintiffs and the New York Class Members at the proper minimum wage rate for all hours worked;

(c)     whether Prosegur properly compensated Plaintiffs and the New York Class Members for hours worked in excess of 40 hours per workweek;

(d)     whether Prosegur maintained a policy or practice of requiring, suffering, or permitting Plaintiffs and the New York Class Members to work off-the-clock without proper compensation;

(e)     whether Prosegur failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the New York Class Members, and other records;

(f)     whether Prosegur failed to furnish Plaintiffs and the New York Class Members with an accurate statement of wages, hours worked, rates paid, and gross wages, as required by the Wage Theft Prevention Act;

(g)     whether security officers are "manual workers" under the New York Labor Law

(h)     whether Prosegur correctly compensated Plaintiff and the New York Class Members on a timely basis;

(i)     the existence and contents of Prosegur's written and unwritten policies and/or agreements regarding compensation for vacation and sick time;

(j)     whether Prosegur fails to compensate employees for vacation and sick time; and

(k)     the nature and extent of class-wide injury and the measure of damages for those injuries.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

54.     At all times relevant, Prosegur maintained a policy and practice whereby security

officers were encouraged and/or required to work off-the-clock.

55.     For security reasons, Prosegur does not permit a security officer to leave their post

until they are relieved by the security officer covering the subsequent shift.  Security officers

frequently arrive late to shifts, requiring the officer on the preceding shift to stay past the end of

their shift to cover for the late security officer ("Post-Shift Time").

56.     Prosegur neither records not compensates Post-Shift Time.  Prosegur records time by distributing sign-in sheets to security officers mid-shift and asking security officers to certify on the sheet that they started and ended work at their scheduled times.  Prosegur does not provide security officers with a means to report Post-Shift Time.

57.     Prosegur's non-contemporaneous time-keeping method does not capture Post-Shift Time.  Accordingly, Prosegur does not compensate Post-Shift Time.

58.     At all times relevant, Prosegur maintained a policy of paying all security officers bi-weekly, including security officers in New York, even though security officers are manual workers for purposes of the New York Labor Law's frequency of pay provisions.

59.     At all times relevant, Prosegur maintained written and unwritten policies and agreements under which employees are entitled to compensation for vacation and sick time but violated these policies by failing to provide this pay.

## PLAINTIFFS' FACTUAL ALLEGATIONS

60.     Consistent with their policies and patterns or practices as described herein, Prosegur harmed Plaintiffs, individually, as follows:

**Joe Frattarola**

61.     Frattarola has worked for Prosegur as a security officer from approximately November 2017 to the present.  During this time, he has been assigned to various units and stations in Westchester Medical Center in Valhalla, New York.

62.     Throughout his employment, Prosegur did not pay Frattarola the proper wages for all the time that he was suffered or permitted to work.  Rather, he was compensated for the time that he certified that worked on mid-shift time sheets, but he was not compensated for off-the-

clock Post-Shift Time.

63.     Throughout his employment, Prosegur consistently provided Frattarola with inaccurate wage statements that did not show Post-Shift Time.

64.     Frattarola estimates that he worked an average of approximately 15 minutes of weekly Post-Shift Time.

65.     On some weeks, his total hours, including Post-Shift time, exceeded 40. Nevertheless, he was not compensated at a rate of time and one-half his regular rate of pay for hours over 40.

66.     Furthermore, during his employment, over twenty-five percent of Frattarola's duties were physical tasks, including but not limited to patrolling by car and by foot, delivering food to patients in various buildings on the hospital campus, and responding to security incidents by physical restraining patients.  Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Frattarolla was compensated by Defendant on a bi-weekly basis consistently throughout his employment.

67.     On information and belief, Prosegur maintains policies pursuant to which employees are both entitled to vacation and sick pay and entitled to compensation for unused vacation and sick time, including upon separation.

68.     Frattarola has not been paid for all vacation and sick days.

**Luciano Carbone**

69.     Carbone worked for Prosegur as a security officer from approximately September 2018 to July 2022.  During that time, he was assigned to the pediatric waiting room at the Westchester Medical Center in Valhalla, New York.

70.     Throughout his employment, Prosegur did not pay Carbone the proper wages for all the time that he was suffered or permitted to work.  Rather, he was compensated for the time

that he certified that worked on mid-shift time sheets, but he was not compensated for off-the-clock Post-Shift Time.

71.    Throughout his employment, Prosegur consistently provided Carbone with inaccurate wage statements that did not show Post-Shift Time.

72.    Carbone estimates that he worked an average of approximately 30 minutes of weekly Post-Shift Time.

73.    On some weeks, his total hours, including Post-Shift time, exceeded 40. Nevertheless, he was not compensated at a rate of time and one-half his regular rate of pay for hours over 40.

74.    Throughout his employment, over twenty-five percent of Carbone's duties were physical tasks, such as responding to security incidents.  Despite regularly spending more than twenty-five percent of his shift on physical tasks, Carbone was compensated by Defendant on a bi-weekly basis consistently throughout his employment.

75.    On information and belief, Prosegur maintains policies pursuant to which employees are both entitled to vacation and sick pay and entitled to compensation for unused vacation and sick time, including upon separation.

76.    Carbone has not been paid for all vacation and sick days.

77.    Carbone was terminated with unused vacation and sick time.  Nevertheless, he was not compensated for any unused vacation or sick time.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiffs and the Collective)**

78.    Plaintiffs, on behalf of themselves and the Collective, reallege and incorporate by reference all allegations in all preceding paragraphs.

79.    Prosegur has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

80.    At all relevant times, Prosegur has been, and continues to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Prosegur has employed "employee[s]," including Plaintiffs and the Collective Members.

81.    Prosegur required the Plaintiffs and the Collective Members to perform work off-the-clock and without compensation, depriving them of the minimum wage.

82.    Prosegur's unlawful conduct, as described in this Class and Collective Action Complaint, has been willful and intentional. Prosegur was aware or should have been aware that the practices described in this Class and Collective Action Complaint were unlawful. Prosegur has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Collective Members.

83.    Because Prosegur's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

84.    As a result of Prosegur's willful violations of the FLSA, Plaintiffs and the Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the Collective)**

85.     Plaintiffs, on behalf of themselves and the Collective, reallege and incorporate by reference all allegations in all preceding paragraphs.

86.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Prosegur and protect Plaintiffs and the Collective Members.

87.     Plaintiffs and the Collective Members worked in excess of 40 hours during some workweeks in the relevant period.

88.     Prosegur willfully failed to pay Plaintiffs and the Collective Members one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek. Prosegur's unlawful conduct, as described in this Class and Collective Action Complaint, has been willful and intentional.   Prosegur was aware or should have been aware that the practices described in this Class and Collective Action Complaint were unlawful.   Prosegur has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Collective Members.

89.     Because Prosegur's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

90.     As a result of Prosegur's violations of the FLSA, Plaintiffs and the Collective Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

### THIRD CAUSE OF ACTION
New York Labor Law – Minimum Wage
(Brought on behalf of Plaintiffs and the New York Class)

91.     Plaintiffs, on behalf of themselves and the New York Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

92.     Prosegur has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

93.     At all times relevant, Plaintiffs and New York Class members have been employees of Prosegur, and Prosegur has been the employer of Plaintiffs and New York Class members within the meaning of the NYLL §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

94.     At all times relevant, Plaintiffs and New York Class members have been covered by the NYLL.

95.     The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Prosegur and protect Plaintiffs and New York Class members.

96.     Prosegur failed to pay Plaintiffs and New York Class members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

97.     Prosegur required Plaintiffs and New York Class nembers to perform work off-the-clock and without compensation, depriving them of the minimum wage.

98.     Prosegur was required to pay Plaintiffs and New York Class Members the full minimum wage at a rate of: (a) $7.15 per hour for all hours worked on and after June 24, 2009 through December 30, 2013; (b) $8.00 per hour for all hours worked on and after December 31, 2013 through December 30, 2014; (c) $8.75 per hour for all hours worked on and after December 31, 2014 through December 30, 2015; (d) $9.00 per hour for all hours worked on or after December 31, 2015 through December 30, 2016; (e) $11.00 per hour for all hours worked on or

after December 31, 2016 through December 30, 2017; (f) $13.00 per hour for all hours worked on or after December 31, 2017 through December 30, 2018; and (g) $15.00 per hour for all hours worked on or after December 31, 2018 through present under the NYLL §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations.

99.    Through its knowing or intentional failure to pay minimum hourly wages to Plaintiffs and New York Class members, Prosegur has willfully violated the NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

100.    Due to Prosegur's willful violations of the NYLL, Plaintiffs and New York Class members are entitled to recover from Prosegur their unpaid minimum wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

<u>FOURTH CAUSE OF ACTION</u>
**New York Labor Law – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the New York Class)**

101.    Plaintiffs, on behalf of themselves and New York Class members, reallege and incorporate by reference all allegations in all preceding paragraphs.

102.    Prosegur failed to pay Plaintiffs and New York Class members the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

103.    Prosegur failed to pay Plaintiffs and New York Class members one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

104.    Through their knowing or intentional failure to pay Plaintiffs and New York Class members overtime wages for hours worked in excess of 40 hours per workweek, Prosegur has willfully violated the NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

105.    Due to Prosegur's willful violations of the NYLL, Plaintiffs and New York Class members are entitled to recover from Prosegur their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the New York Class)**

106.    Plaintiffs, on behalf of themselves and New York Class members, reallege and incorporate by reference all allegations in all preceding paragraphs.

107.    Prosegur has willfully failed to supply Plaintiffs and New York Class members with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

108.    Through their knowing or intentional failure to provide Plaintiffs and New York Class members with the accurate wage statements required by the NYLL, Prosegur has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

109.    Due to Prosegur's willful violations of NYLL, Article 6, § 195(3), Plaintiffs and New York Class members are entitled to statutory penalties of $250 for each workweek that Prosegur failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
**(Brought on behalf of Plaintiffs and the New York Class)**

110.   Plaintiffs, on behalf of themselves and New York Class members, reallege and incorporate by reference all allegations in all preceding paragraphs.

111.   The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Prosegur and protect Plaintiff and the New York Class.

112.   Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

113.   Through their knowing or intentional failure to provide Plaintiffs and New York Class members weekly as required by the NYLL, Prosegur has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

114.   Due to Prosegur's willful violations of NYLL, Article 6, § 191, Plaintiffs and New York Class members are entitled to the amount of their untimely paid wages in liquidated damages, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## SEVENTH CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Timely Wages
**(Brought on behalf of Plaintiffs and the New York Class)**

115.   Plaintiffs, on behalf of themselves and New York Class members, reallege and incorporate by reference all allegations in all preceding paragraphs.

116.   Under the FLSA and its implementing regulations, compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends.  29 C.F.R. § 778.106.

117.   For security officers, the regular payday is at the end of each week.

118.    Throughout their employment, Prosegur paid security officer bi-weekly, in violation of 29 C.F.R. § 778.106.

119.    As a result of Prosegur's violations of the FLSA and its implementing regulations, Plaintiffs and the Collective Members have been paid untimely and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

### EIGHTH CAUSE OF ACTION
**New York Labor Law §§ 191, 198(3) and 198-c – Failure to Pay Accrued PTO**
**(Brought on behalf of Plaintiffs and the New York Class)**

120.    Plaintiffs, on behalf of themselves and New York Class members, reallege and incorporate by reference all allegations in all preceding paragraphs.

121.    On information and belief, Prosegur maintains policies and agreements according to which Plaintiffs and New York Class members are entitled to certain amounts of paid vacation and sick time and are entitled to be paid for unused vacation and sick days, including upon separation.

122.    On information and belief, Prosegur violates these policies and agreements both by failing to pay its New York employees for vacation and sick days and by failing to pay New York employees for unused vacation and sick days upon separation.

123.    Plaintiffs are entitled to damages for their unpaid sick and/or vacation time pursuant to NYLL §§ 191, 198(3) and 198-c.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiffs Frattarola and Carbone, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.      Designation of this action as a collective action on behalf of the Collective (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Designation of Plaintiffs Frattarola and Carbone as Representatives of the Collective;

C.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201*, et seq.*;

D.      An award of damages, according to proof, including liquidated damages, to be paid by Prosegur;

E.      Costs of action incurred herein, including expert fees;

F.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216(b);

G.      Pre-judgment and post-judgment interest, as provided by law; and

H.      Such other legal and equitable relief as this Court deems necessary, just, and proper.

**WHEREFORE**, Plaintiffs Frattarola and Carbone on behalf of themselves and all members of the New York Class, pray for judgment and the following specific relief:

A.      Certification of this case as a class and collective action pursuant to Rule 23;

B.      Designation of Plaintiffs Frattarola and Carbone as representatives of the New York Class and counsel of record as Class Counsel;

C.      Issuance of a declaratory judgment that the practices complained of in this Class

and Collective Action Complaint are unlawful under the NYLL, Article 6, §§ 190, *et seq.*, NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations;

D. Unpaid minimum wages, overtime pay, retained gratuities, other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

E. Statutory penalties of $250 for each workweek that Prosegur failed to provide Plaintiffs and New York Class members with accurate wage statements, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

F. Appropriate equitable and injunctive relief to remedy Prosegur's violation of New York law, including but not limited to an order enjoining Prosegur from continuing its unlawful practices. Penalties, as provided by law;

H. Attorneys' fees and costs of action incurred herein, including expert fees;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other legal and equitable relief as this Court deems necessary, just, and proper.

Finally, Plaintiffs request reasonable service awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for Class and Collective Members and for the risks they took in doing so.

Dated: New York, New York January 6, 2023

Respectfully submitted,

/s/ Molly A. Brooks__
 Molly A. Brooks

**OUTTEN & GOLDEN LLP**
Molly A. Brooks
Michael C. Danna

Julio Sharp-Wasserman
685 Third Ave., 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

*Attorneys for Plaintiffs and*
*the Putative FLSA Collective and Rule*
*23 Class*