UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOE FRATTAROLA and LUCIANO CARBONE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

PROSEGUR SECURITY USA INC.,

    Defendant.

Case No. 7:23-cv-00137-CS

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement, Appointment of Class Counsel, and Approval of the Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendant agreed, for settlement purposes only, not to oppose the motion.

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Molly A. Brooks ("Brooks Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement") between Named Plaintiffs Joe Frattarola and Luciano Carbone ("Plaintiffs") and Prosegur Security USA Inc.'s ("Prosegur" or "Defendant"), attached to the Brooks Decl. as Exhibit 1, and "so orders" all of its terms.

2. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval such that notice to the Class is appropriate.

3. The Court finds that the Settlement Agreement is the result of extensive, arms' length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. The assistance of private mediator Anne Marie Estevez reinforces that the Settlement Agreement is non-collusive.

4. For settlement purposes only, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(e):

   a. **Class Members** includes current and former employees employed by Prosegur in New York from January 1, 2020 through June 17, 2024 as Security Officers at Prosegur's Westchester Medical Center location or as baggage handlers or wheelchair pushers in Prosegur's LaGuardia airport or JFK airport locations.
   b. **Additional Collective Members** includes individuals who submitted timely Consent to Join Forms, and who did not work at Defendant's Westchester Medical Center location in a Security Officer position or its LaGuardia airport or JFK airport locations in a baggage handler, and/or wheelchair pusher positions.
   c. **Outstanding Collective Members includes** individuals who received Court-Authorized Notice of the Collective Action, who failed to submit a timely Consent to Join Form during the opt-in period ending on June 15, 2024, and who did not work at Defendant's Westchester Medical Center location in a Security Officer position or its LaGuardia airport or JFK airport locations in the baggage handler, and/or wheelchair pusher positions, but who submit a Request to Participate in the settlement within one year of the date of the Court's approval of the settlement.

5. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

6. For settlement purposes only, the Court appoints Outten & Golden LLP as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

7. The Court approves, as to form and content, proposed Notices and Claim Forms, which are attached as Exhibits A through G to the Settlement Agreement.

8. The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances

and therefore meet the requirements of due process, and directs the mailing of the Notice in accordance with the Settlement Agreement.

9. The Court approves ILYM Group, Inc. as the Settlement Administrator.

10. Within 10 days following the date of this Order, Defendants will provide the Settlement Administrator and Class Counsel with a list, in electronic form, of all Class Members' names, Last Known Addresses, Last Known Email Address, Last Known Phone Number, Social Security Numbers, and the dates of employment during the Relevant Period.

11. Within eleven (11) days of receiving the information described in Paragraph 10 of this Order, the Settlement Administrator shall mail, via First Class United States mail, postage prepaid, the appropriate Notice to all Class Members and Additional Collective Members.

12. Class Members will have 60 days from the date the Notice is mailed to opt out of the settlement or object to it, or 30 days from any remailing of the Notice.

13. Additional Collective Members will have 60 days from the date the Notice is mailed to submit a Claim Form, or 30 days from any remailing of the Notice.

14. Outstanding Collective Members must submit a Request to Participate in the settlement within one year of the date of the Court's approval of the settlement.

15. Plaintiffs will file their Motion for Final Approval of Settlement at least seven (7) days prior to the fairness hearing. Class Counsel will also file their motion for attorneys' fees, litigation costs and expenses, and Service Awards at least seven (7) days prior to the fairness hearing.

16. The Court will hold a final fairness hearing on __May 14, 2025__ *(no earlier than 130 days following the date of preliminary approval)* at __11:30__ (a.m.)/p.m. at the The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, United

States District Court for the Southern District of New York, 300 Quarropas St., White Plains, NY 10601-4150, Courtroom 621.

It is so ORDERED this __30th__ day of __December 2024__, 2023.

*[signature: Cathy Seibel]*

Hon. Cathy Seibel
United States District Judge

The Clerk shall terminate ECF No. 68.