

May 13, 2025

**Via ECF and Email**
The Honorable Cathy Seibel
United States District Court for the
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

      Re:    *Frattarola et al v. Prosegur Security USA Inc.*,
             23-cv-00137-CS

Dear Judge Seibel:

      Plaintiffs' Counsel write in response to the Court's May 12, 2025 Order regarding the Settlement Agreement's process for providing Outstanding Collective Members an opportunity to receive a settlement payment.  ECF No. 83.

      The purpose of the parties' reserve fund is to allow any Outstanding Collective Members who did not choose to submit a Consent to Join form prior to the 216(b) opt-in deadline an opportunity to still take part in the Settlement.  ECF No. 79 at 6.  The Settlement does not have the same procedural inequities described in *Douglas v. Allied Universal Sec. Servs.*, 381 F. Supp. 3d 239, 240 (E.D.N.Y. 2019) and *Vasquez v. A+ Staffing*, 746 F. Supp. 3d 26 (E.D.N.Y. 2024). In *Douglas*, the Court identified a "double incongruity" in which "the Court [would] dismiss[] claims of individuals not before it, and then employees [would] opt[] into an action to assert and settle claims they no longer have."  *Douglas v. Allied Universal Sec. Servs.*, 381 F. Supp. 3d 239, 241 (E.D.N.Y. 2019).  In *Douglas*, the "settlement agreement [was] written in a way to suggest that only those members who cash [a settlement check] waive their FLSA claims, *i.e.* the employee has a choice to retain their FLSA claims and not join the settlement, and no actual dismissal occurs until a check is cashed and endorsed.  But the remainder of the agreement nullifie[d] the choice…."  *Id.* at 242.  As such, collective members faced a "coerced choice" in which they could sign the back of the check in an attempt to recoup their funds under the New York Labor Law ("NYLL") portion of that settlement, but in doing so, they would release both FLSA and NYLL claims, or they could decline to endorse the check and not release their FLSA claims, but in doing so they would not receive any proceeds for the NYLL claims and would still release the NYLL claims.  381 F. Supp. 3d at 242-43.  *Vazquez* addressed a similarly unfair settlement in which the proposed settlement's "option for employees to not cash their checks and to therefore maintain their FLSA claims [was] all but illusory" because it also required individuals to "forego[] their opportunity to opt out of the Rule 23 class action."  746 F. Supp. 3d at

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington DC 20005  T (202) 914-5097  F (202) 847-4410
outtengolden.com    mail@outtengolden.com

62-63.

Unlike the proposed settlements at issue in *Douglas* and *Vasquez*, this Settlement does not require that the Court "release[] a claimant's FLSA claims without consent." *Douglas*, 381 F. Supp. 3d at 242. Outstanding Collective Members will *only* release their claims if they endorse a Settlement Check, and they will only receive a Settlement Check if they first submit a Request to Participate form. *See* ECF No. 82-1 (Settlement Agreement) § 4.2(C).

The value of each individual's Settlement Payment does not change based on how many Outstanding Collective Members choose to participate. Per the terms of the Settlement Agreement, Outstanding Collective Members will recover the same value for their claims as Additional Collective Members. *Id.* §§ 1.49, 3.4(B). The allocation formula determines the value of one workweek for Additional Collective Members and allocates the same amount per workweek for Outstanding Collective Members. *Id.* For Additional Collective Members, the average payment is $366.43. ECF No. 82-4 (Snow Decl.) ¶ 22. The Notice that is sent to Outstanding Collective Members, Settlement Agreement Exhibit D, also states the estimated settlement payment for each individual. Additionally, "[i]f a number of Outstanding Collective Members submit Requests to Participate such that there are no funds remaining in the Reserve Fund, Defendant will have the option to contribute an additional amount to the Reserve Fund proportionate to the increase in Outstanding Collective Members." *Id.* § 3.1(A)(ii). If Prosegur chooses not to do so, any Outstanding Collective Members who do not receive and endorse a check will retain their FLSA and NYLL claims.

Next, we address the concern raised in *Douglas* and *Vasquez* regarding the need to file Consent to Join forms with the Court. The procedure proposed follows the requirement of the Court's review and approval of the settlement between Outstanding Collective Members and Prosegur, providing the oversight required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). It ensures that the parties do not "privately settle FLSA claims with a stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41 absent the approval of the district court." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015)).

With this mechanism, the parties do not seek to "impermissibly. . . . resolve [Outstanding Collective Members'] claims without their assent." *Vasquez*, 746 F. Supp. 3d at 62 (quoting *Marichal v. Attending Home Care Servs., LLC*, 432 F. Supp. 3d at 279). The procedure described in the Settlement Agreement – including providing notice and an estimated settlement payment to any Outstanding Collective Members who request to participate, and allowing them to choose to participate and resolve their claims – provides the required "affirmative assent." *Id.* Unlike the settlement at issue in *Vasquez,* here, the Court is analyzing the fairness of the recovery under *Cheeks* because the recovery for Outstanding Collective Members is the same as that for Additional Collective Members. *See id.* at 63.

To the extent the Court requires Outstanding Collective Members to file consent forms to receive their payment, we propose that the case remain administratively open after any Final Approval Order is issued, so that Outstanding Collective Members can submit Consent to Join forms for one year following the issuance of the Final Approval Order. For any Outstanding Class Member who submits a Request to Participate form, Class Counsel and the Settlement Administrator will also instruct them to submit a Consent to Join form, and Class Counsel will

2

file the Consent to Join forms with the Court after six months and one year.  At the conclusion of the one-year period, Class Counsel proposes to submit a letter requesting that the Court dismiss the case.

                                      Respectfully submitted,

                                      */s/ Molly Brooks*

                                      Molly Brooks

CC:    Carlos J. Burruezo, Esq., Attorney for Defendant
          (*via email – carlos@burruezolaw.com*)